1998 OK CR 71

**The STATE of Oklahoma, Appellant,**

v.

**Samuel GAYTAN, Appellee.**

No. S–98–365.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 1998.

Wesley Johnson, Tulsa, OK, for defendant at trial.

E.A. "ARD" Gates, Assistant District Attorney, Kingfisher, OK, for state at trial.

Cathy Stocker, District Attorney, E.A. "ARD" Gates, Assistant District Attorney, Kingfisher, OK, for appellant/state on appeal.

Wesley Johnson, Tulsa, OK, for appellee on appeal.

---

### OPINION ANSWERING RESERVED QUESTION OF LAW

LANE, J.

¶ 1 Appellee, Samuel Gaytan, was tried by jury for the crime of second degree murder in the District Court of Kingfisher County, Case No. CF–97–54, before the Honorable Ronald G. Franklin, District Judge. Appellee was acquitted. During the trial, the State attempted to cross examine a character witness testifying on the behalf of Gaytan with specific instances of conduct in order to impeach the witness' opinion of Gaytan's character for truthfulness and veracity. The trial court refused to allow the State to inquire about the specific instances of conduct. The State of Oklahoma now appeals on a reserved question of law pursuant to 22 O.S.1991, § 1053.

¶ 2 The State certified the following question to this Court for determination:

May the State ask the defendant's character witnesses on cross-examination about specific instances of conduct by the defendant, other than conviction of crime, after those witnesses have testified concerning their opinion of the defendant's character for truth and veracity.

¶ 3 We answer in the affirmative. Gaytan presented two witnesses who testified that Gaytan was a subcontractor for them. The second witness, Thomas Glover, testified that he had employed Gaytan as a painting contractor during the past four years. He testified that in his opinion Gaytan had a reputation for truthfulness, honesty and veracity. He also testified that Gaytan is one of the best painters he has employed. The State informed the trial court that it intended to ask Glover on cross-examination if his opinion would change if he knew Gaytan "had put a knife in a guy in Bartlesville ...". The trial court refused to allow the State to ask the question stating that "it would have to be a felony conviction" and stating that the State had "laid no basis for it."

¶ 4 Title 12 O.S.1991 § 2608(B) provides in part:

Specific instances of the conduct of a witness ... may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they: ...

2. Concern the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Accordingly, if a defendant has testified and had his character for truthfulness attacked, an inquiry about the defendant's specific instances of conduct may be made during the cross-examination of another witness who has testified that in his opinion the defendant has a character for truthfulness and veracity.[1] The instances of conduct must be probative of truthfulness or untruthfulness. The specific instances of conduct are not limited by the provisions of 12 O.S.1991, § 2609.

¶ 5 The purpose for the admission of this inquiry is to show that the witness' opinion regarding the defendant's character for truthfulness or untruthfulness is either not based on full knowledge of the defendant's conduct or that the witness' opinion has an infirm basis, i.e. the witness has an opinion that the defendant has a character for truthfulness even when he knows that the defendant has engaged in specific instances of conduct which show his character for untruthfulness. See generally Jiminez v. State, 1976 OK CR 23, ¶ 6, 545 P.2d 1281, 1284.[2]

---

1. See 12 O.S.1991, § 2608(A)(2) which provides, "Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked."

2. A character witness' opinion that a defendant has generally a good reputation may be attacked by asking the witness about previous conduct by the defendant to show that the witness opinion is not credible and to determine whether the character witness offers his opinion with full knowledge of the defendant's background.

¶ 6 The cases relied upon by the State are not controlling. In many of those cases the character witnesses testified about the defendant's general reputation as a good or peaceful person. Other cases cited by the State are not clear in the analysis regarding the specific character being assailed. In all of those cases, the prosecution was allowed to go into prior incidents of conduct to see if the witnesses based their positive opinions of the defendant on his prior bad acts.

¶ 7 Here the State's question of law is not that broad. The question limits us to inquiry concerning the character of the accused for truthfulness or veracity.[3] An opinion regarding the general reputation of an accused is much broader than an opinion of a defendant's character for truthfulness or untruthfulness.

¶ 8 Only in one case cited by the State, *Kennedy v. State*, 1982 OK CR 11, 640 P.2d 971, is it alleged that the character witnesses limited their testimony to the defendant's reputation for truthfulness and veracity. In *Kennedy* the subject of the cross examination of the character witnesses (prior crimes evidence) had already been admitted during the cross-examination of the defendant. Evidence of a prior larceny conviction was properly admitted to rebut the witnesses' opinion because it involved dishonest or false statement. Evidence of a trespassing conviction was not admitted because it did not involve dishonest or false statement. *Id.* at 981.

¶ 9 The same result would be reached under our analysis. The evidence of a prior larceny would be admissible, whether resulting in a conviction or not, because it is probative of truthfulness or untruthfulness, but the evidence of a prior trespassing would not be

admissible because it is not probative of truthfulness or untruthfulness.

¶ 10: Not only are prior instances of misconduct limited to those probative of truthfulness and untruthfulness in this situation, but there are also other limitations to the introduction of this evidence. The ability to cross-examine character witnesses with specific instances of conduct of the defendant is not absolute. The trial court has the ability to limit the cross-examination to evidence that is relevant to the particular character trait. 12 O.S.1991, § 2402. The evidence must also pass the test of 12 O.S.1991, § 2403:

> Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence or unfair and harmful surprise.

■ ¶ 11 Therefore, we find that an inquiry into specific instances of conduct, not resulting in conviction, are proper under the following guidelines. First, a defendant must testify and his character for truthfulness or untruthfulness must be attacked. Second, a defendant must present one or more character witnesses who provide an opinion regarding the defendant's character for truthfulness or untruthfulness. Third, the inquiry on cross-examination regarding the specific instances of conduct is limited to conduct relevant to the character for truthfulness or untruthfulness. Fourth, the inquiry must meet the balancing test of 12 O.S.1991, § 2403. Fifth, the specific instances of conduct are not limited to felony convictions or convictions involving dishonesty or false statement.

---

3. Specifically in *Miller v. State*, 1966 OK CR 95, ¶ 12, 418 P.2d 220, 224, this Court *quoting Gallagher v. State*, 81 Okl.Cr. 15, 159 P.2d 562 (1945), stated:

> In the cross-examination of a witness called to testify to the defendant's good reputation as a law-abiding citizen, it is permissible to ask the witness on cross examination if he had heard of various specific acts of the defendant inconsistent with such reputation.

Furthermore, we do not address whether or not the State could have asked the first character

witness, Forrest Carpenter, whether his opinion about Gaytan would change if he knew of the Bartlesville incident. Carpenter testified that Gaytan was a good worker, and during cross-examination by the State, Carpenter stated that he believed he was testifying to establish the fact that Gaytan was a productive member of society. However, the State did not attempt to ask Carpenter about the Bartlesville incident; therefore, the issue is not before us.

Lastly, the guidelines found in *Miller v. State,* 1966 OK CR 95, ¶ 5, 418 P.2d 220, 225, as far they do not conflict with this opinion, must also be followed.[4]

¶ 12 Based on the limited record provided by the State in this case, we have determined that trial court properly excluded the inquiry into the specific instance of misconduct. First, assuming that the State provided no basis for the inquiry as the trial court stated, the State did not comply with the first step in *Miller* by insuring that there was no question as to the facts of the incident.[5] Secondly, the fact that the defendant may or may not have stabbed someone in Bartlesville is not relevant to the defendant's character for truthfulness or untruthfulness.

¶ 13 **RESERVED QUESTION OF LAW ANSWERED.**

CHAPEL, P.J., concurs.

STRUBHAR, V.P.J., concurs.

LUMPKIN, J., concurs in results.

JOHNSON, J., concurs.

LUMPKIN, J., concur in results.

¶ 1 I concur in the results reached by the Court in this case simply because the question tendered could be answered in one short sentence, i.e. the trial court did not abuse its discretion because the question sought to be asked of the witness did not involve a question relating to character for truthfulness or untruthfulness. It appears the rest of the opinion relates *dicta,* which does not take into consideration the full analysis under the Oklahoma Evidence Code.

¶ 2 The first step in the analysis of the question presented should begin with the realization the testimony sought concerns the character of the "accused". In this regard it should be noted that evidence of an "accused's" character or a trait of his or her character is addressed pursuant to 12 O.S. 1991, § 2404. The provisions of 12 O.S.1991, § 2608, concern the credibility of a "witness". While the provisions of Section 2404(A)(3) bootstrap the provisions of Section 2608 into its analysis, the issue presented in this case is directly addressed under Section 2404(A)(1).

¶ 3 The opinion fails to recognize that the provisions of Section 2608(A) address "the credibility of a witness", not the "accused" in a criminal case. In the case before us, the credibility of a witness is not at issue, it is the credibility of the "accused" in the case. In this case, the character trait of truthfulness or untruthfulness of the witness has not been attacked. The issue was the character trait of truthfulness or untruthfulness of the "accused". That character trait was placed into evidence by the "accused" pursuant to Section 2404(A)(1). Therefore, the prosecution has the ability to rebut that evidence of character. While an "accused" is not limited as to the type of character evidence, or trait of character which may be placed in issue under Section 2404, the credibility of a "witness" is limited to character for truthfulness or untruthfulness. Without acknowledging its applicability, the opinion seeks to restrict

---

4. *Miller* provides the following guidelines:

    1) That there is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, or other pertinent misconduct of the defendant;

    2) That a reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial;

    3) That neither the event or conduct nor the rumor concerning it occurred at a time too remote from the present offense;

    4) That the earlier event or misconduct and the rumor concerned the specific trait involved in the offense for which the accused is on trial; and

    5) That the examination will be conducted in the proper form, that is: "Have you heard," etc., not "Do you know," etc.

And if the conclusion is reached to allow the interrogation, the jury should be informed of its exact purpose either at the conclusion thereof or in the charge.

5. There is nothing in the record provided by the State on appeal to show whether the State had a good faith basis for the inquiry.

the application of Section 2404 by implication. That is an incorrect application of the law.

¶4 In 2 Whinery, *Oklahoma Evidence, Commentary on the Law of Evidence*, Section 15.01, pg. 308, Professor Whinery discusses the limiting language of "accused" in the exceptions to the general rule set forth in Sections 2404(A)(1) and (2). There he sets out that the provisions of Section 2404(A) "is directed only to the circumstantial use of character in criminal cases...." At Page 309, he goes further and states "character evidence for truthfulness or untruthfulness may also be employed circumstantially in both civil and criminal cases either to attack or support the credibility of a *witness* pursuant to Section 2608 of the *Code*" (emphasis added). Therefore, we should use the provisions of 2404 in determining the analysis and application of evidence concerning a character trait of an "accused" and the provisions of Section 2608 as it deals with a character trait of a "witness". In this particular case, the character trait of the witness was not an issue. It was the character of the accused which was being addressed. Because of its failure to recognize the implication of both Section 2404 and 2608, together with the fact the questions sought to be asked of the witness did not implicate character of truthfulness or untruthfulness, the question should be answered simply without an analysis which complicates the application of the Oklahoma Evidence Code.